IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN LEE RICHES, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 08-345-JJF |
| KASSIA MEADOR, et. al., | : |
| Respondents. | : |

**O R D E R**

Petitioner Jonathan Lee Riches has filed a pro se Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application"). (D.I. 1) Petitioner contends that he has been denied placement in a halfway house located in Wilmington Delaware, in violation of his 8th Amendment rights. Id. However, for the following reasons, the Court concludes that it lacks jurisdiction to consider Petitioner's challenge to the administration of his Federal sentence.

First, Petitioner is a Federal prisoner, and therefore, he must file the instant challenge to the execution of his sentence under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Second, even if the Court were to construe the present action as having been filed pursuant to 28 U.S.C. § 2241, a Federal prisoner's § 2241 challenge to his present physical confinement must be filed in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Petitioner is presently confined in the Williamsburg

Federal Correctional Institution in Salters, South Carolina. Thus, Petitioner should have filed his § 2241 Application in the United States District Court for the District of South Carolina.

And finally, Petitioner is a well-known litigator in the Federal courts, having filed more than 1,000 actions in various Federal and Appellate courts since 2006. See Riches v. Seda, et. al., Civ. A. 08-346-JJF, Order (D. Del. July 1, 2008). At least 96 of those actions were filed pursuant to 28 U.S.C. § 2241. See Riches v. Jordan, et. al., Civ. A. No. 08-329-SAJ, Order (N.D. Okla. June 5, 2008)(collecting cases). As a result, the instant Application constitutes a second or successive habeas petition for the purposes of 28 U.S.C. § 2244. Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioners to first obtain authorization from the appropriate court of appeals before filing a second or subsequent habeas petition in a district court, the record in this case is clear that Petitioner did not obtain authorization from United States Court of Appeals for the Third Circuit to file his § 2241 Application in this Court. See 28 U.S.C. § 2244(b); Queen v. Miner, - F.3d -, 2008 WL 2512918 (3d Cir. 2008)(holding that § 2244(a) applies to any application for the writ of habeas corpus filed by a person who is in the custody of a court of the United States); Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 2646 (2005)("before the district court may accept a successive

petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). Given Petitioner's voluminous frivolous filings in the Federal court system, the Court concludes that transferring the case to the United States District Court for the District of South Carolina would not be in the "furtherance of justice." 28 U.S.C. § 2241(d); 28 U.S.C. § 1406(a). Accordingly, the Application (D.I. 1.) is **DISMISSED** without a Certificate of Appealability,[1] and the Clerk is directed to close the case.

\_\_7-9-08\_\_
DATE

UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2.

3